UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

COSTÃO DO SANTINHO TURISMO E LAZER, : 14 Civ.
LTDA.; INDÚSTRIA DE PLÁSTICOS S/A; and :
FERNANDO MARCONDES DE MATTOS, : **COMPLAINT FOR**
: **DECLARATORY JUDGMENT**
                     Plaintiffs, :
:
        - against - :
: ECF CASE
CAMELOT OIL CORPORATION (a/k/a CAMELOT :
FINANCIAL CORP.) :
:
                     Defendant. :
:
------------------------------------------------------- X

      Plaintiffs Costão do Santinho Turismo e Lazer, Ltda., Indústria de Plásticos S/A, and Fernando Marcondes de Mattos, by and through undersigned counsel, allege upon knowledge as to themselves and their own acts, and upon information and belief as to all other matters as follows:

## STATEMENT OF THE CASE

    1.    Plaintiffs bring this action for a declaratory judgment, specifically that two credit agreements executed by Plaintiffs and Defendant Camelot Oil Corporation and the corresponding promissory notes issued thereunder are null and void as they are the product of fraud. Defendant was an integral component of a multi-million-dollar scheme to fraudulently induce Plaintiffs to enter into sham corporate "investment" contracts for loans that never materialized. At the direction of Defendant and their co-conspirators, Plaintiffs made millions

of dollars' worth of wire money transfers as advance payments to obtain what they have subsequently come to learn were fictitious loans.

2. Plaintiffs eventually discovered they were victims of a massive advance payment scam in which the "mark" is offered a large sum of money, but asked to put up a comparatively small sum in order to finalize or guarantee the "deal." In this case, however, Defendant gave the scam the appearance of legitimacy as it is a genuine corporation and the credit agreements and promissory notes appeared to be valid, legal documents.

3. Plaintiffs never received one cent of the loan principal amounts from Defendant under the credit agreements. As the credit agreements stipulate New York City as the forum to resolve disputes thereunder, Plaintiffs seek a declaratory judgment from this Court that the agreements and corresponding promissory notes are null and void as they are the product of fraud. The issuance of such a declaratory judgment shall be an invaluable tool for Plaintiffs to defend against frivolous claims from Defendant, Defendant's co-conspirators and Defendant's assignees who seek repayment under the agreements despite the fact that no loans were ever extended to Plaintiffs.

4. Plaintiffs seek to cancel and/or rescind the credit agreements and promissory notes in order to prevent further actual damages. Plaintiffs cannot do so without a declaration from the Court that the documents at issue are invalid. An actual and justiciable controversy exists over the parties' respective rights and positions. This controversy can be fully resolved by way of a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

**PARTIES**

5. Plaintiff Costão do Santinho Turismo e Lazer, Ltda. ("Costão") is a company formed under the laws of Brazil and with its principal place of business in Brazil. The company owns the Costão do Santinho Resort and Spa located in the city of Florianópolis, located in the state of Santa Catarina in the south of Brazil.

6. Plaintiff Indústria de Plásticos S/A ("INPLAC") is a company formed under the laws of Brazil and with its principal place of business in Brazil. INPLAC is an industrial plastic bag manufacturer located in Florianópolis.

7. Plaintiff Fernando Marcondes de Mattos ("Marcondes," and together with Costão and INPLAC, the "Plaintiffs") is a citizen and resident of Brazil. Marcondes is the founder of Costão and INPLAC. He is the majority shareholder of both Costão and INPLAC.

8. Upon information and belief, Defendant Camelot Oil Corporation, also known as Camelot Financial Corp. ("Camelot" or "Defendant"), is a New York corporation with its principal place of business located at 501 Madison Avenue, Suite 201, New York, NY 10022.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000. Further, this Court has subject matter jurisdiction over this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

10. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1), in that Defendant is resident in this judicial

district.  Furthermore, each of the credit agreements that are the subject of this Complaint contain the following clause:  "This Agreement shall be construed and governed exclusiv[ely] in accordance with the Law of the United States of America, and subject to the jurisdiction of the Court [sic] of New York City, in order to adjust any conflicts or disagreements, without exception, being privileged over any other court."

## STATEMENT OF FACTS

11. In 2012, Plaintiffs had sought financing in order to leverage their operating costs and to finance certain development projects to expand the Costão do Santinho Resort and INPLAC.  Through Defendant's co-conspirators, Plaintiffs were offered a purported deal whereby Costão would be loaned US$20 million and INPLAC would be loaned US$40 million.

12. Pursuant to the deal, and before any money would be paid out for the loan, Costão and INPLAC were required to take out a key man insurance policy.  For the Costão loan, the advance payment was US$128,549.92; and for the INPLAC loan, the advance payment was US$265,125.20.  On October 22, 2012, Plaintiffs made the requested payments in connection with the supposed key man insurance policy.

13. Defendant's co-conspirators used dilatory tactics to delay payment of the loans to Plaintiffs and instead continued to extract advance payments from Plaintiffs, assuring Plaintiffs that the loans would be paid once certain purportedly necessary administrative fees and payments were made.  For example: (a) between November 7 and 20, 2012, Plaintiffs made payments pursuant to "Financial Blanket Bonds" in the amounts of US$433,540.80 and R$501,474.20 (the Brazilian *real*-equivalent at the time to US$219,964.80); (b) on December 10, 2012, Plaintiffs made a payment of US$196,437.50 (in the *real*-equivalent of

R$453,770.60) because of supposed delays caused by discrepancies in documents provided by Plaintiffs; and (c) on January 7, 2013, Plaintiffs made a payment of US$276,000 because of a purported "risk recalculation."

**The Credit Agreements and Promissory Notes**

14.     At the beginning of 2013, Plaintiffs needed additional funding just to pay the fees associated with the loans that they were still being assured would be extended to them and for which they still had yet to receive a single cent of principal.  Camelot, which was presented to Plaintiffs as a reputable financial services company from New York, agreed to provide such financing to Plaintiffs.

15.     On April 19, 2013, Costão entered into Credit Agreement No. 0413/026/CF142 ("Credit Agreement No. 1") with Camelot, pursuant to which Camelot would loan Costão US$317,500.  Marcondes personally guaranteed this loan.  In Credit Agreement No. 1, Camelot is identified as "Camelot Financial Corp.;" however, the Department of State of New York, Division of Corporations, has no record of such an entity having been registered, but it does have a current record of Camelot Oil Corporation, which is listed as having an address on Madison Avenue in New York City, which is the same address used by "Camelot Financial Corp." in Credit Agreement No. 1.  Furthermore, based on a search conducted through a reputable EIN verification company, the EIN listed by "Camelot Financial Corp." in Credit Agreement No. 1 is the exact same EIN issued by the Internal Revenue Service to Camelot Oil Corporation.  As such, the use of "Financial" as opposed to "Oil" in the name of Camelot appears to be a scrivener's error or an example of another tactic employed by Defendant and its co-conspirators to mislead and confuse.

16.     On November 22, 2013, INPLAC entered into Credit Agreement No. 1113/009/CF142 ("Credit Agreement No. 2," and together with the Credit Agreement No. 1,

the "Credit Agreements") with Camelot, pursuant to which Camelot would loan Costão US$2,670,000. Again, Marcondes personally guaranteed this loan, and again Camelot is mistakenly identified as "Camelot Financial Corp." despite its Madison Avenue address and EIN listed on Credit Agreement No. 2 clearly being that of Camelot Oil Corporation. On November 27, 2013, Plaintiffs paid the *real* equivalent of US$667,500 as a guarantee on Credit Agreement No. 2.

17. In connection with the Credit Agreements, promissory notes were issued by Plaintiffs to Camelot (the "Promissory Notes") stipulating the repayment obligations of Plaintiffs to Camelot and whose first maturity date was to be at thirty days from the release of the loan amounts to Plaintiffs. Plaintiffs, however, never received any funds from Camelot. Nevertheless, this did not stop Defendant from trying to enforce the Promissory Notes.

18. Moreover, in both Credit Agreements, a Mr. Harold Brook signs on behalf of Camelot using what is described in the signature block as an "Authorized Digital Signature." Plaintiffs have never had any interaction or communication with Mr. Brook and despite their own efforts and of their counsel, have not been able to verify whether Mr. Brook actually exists. It is presumed by Plaintiffs that Mr. Brook is fictitious, another example of the fraud perpetrated by Defendant and its co-conspirators against Plaintiffs.

19. In mid-February 2014, Camelot complained that a total of seven promissory notes issued in connection with the Credit Agreements were due and owing, stating that the release of the loan funds would be held pending the resolution of these outstanding notes to Camelot. Plaintiffs made additional payments thereafter to Defendant's co-conspirators in order to release the loan funds. Nevertheless, in June 2014, Plaintiffs received a new summary of debt owed to Camelot, which showed the debt had nearly doubled in the span of less than one month.

20. Eventually Plaintiffs turned the matter over to their attorneys. In the end, from October 2012 to May 2014, Plaintiffs made advanced payments in the total amount of US$4,420,558.18, and never saw one cent of the US$20 million and US$40 million in purported loans. To date, Camelot has not issued any of the principal amounts under the Credit Agreements to Plaintiffs and instead maintains that Plaintiffs owe it money.

**FIRST CAUSE OF ACTION**
**(DECLARATORY JUDGMENT)**

21. Plaintiffs repeat and reallege the preceding allegations of this Complaint as if fully set forth herein.

22. The Credit Agreements and Promissory Notes are the product of fraud and therefore are voidable and without effect.

23. Defendant never paid one cent of the loan amounts under the Credit Agreements to Plaintiffs. To the contrary, Defendant has claimed that Plaintiffs are actually indebted to Defendant.

24. Thus, an actual controversy has arisen as to the rights and obligations under the Credit Agreements and Promissory Notes, affecting Plaintiffs' ability to transact their business as they are fending frivolous claims by Defendant, Defendant's co-conspirators and Defendant's transferees as purported creditors to Plaintiffs.

25. Plaintiffs seek a declaratory judgment that the Credit Agreements and Promissory Notes are void as a matter of law.

26. Plaintiffs have no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek judgment as follows:

A. Declaratory Judgment that the Credit Agreements and Promissory Notes are null and void; and

B. Granting Plaintiffs such other and further relief as the Court may deem just and appropriate.


Dated: New York, New York
November 20, 2014

SELVARATNAM LAW OFFICE, PLLC

By:
Troy Selvaratnam (TS-1972)
The Woolworth Building
233 Broadway, Suite 2208
New York, NY 10279
(917) 408-6485
troy@selvaratnamlaw.us
*Attorneys for Plaintiffs*

- 8 -